IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GLOBAL COMMODITIES, INC.,** <br><br> **Plaintiff,** <br><br> **FARABI DISTRIBUTORS INC. and MOHSIN A. KHAN, an individual d.b.a. FARABI DISTRIBUTORS INC.,** <br><br> **Defendants.** | **Case No.: 1:21-cv-03955** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK, UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a), COMMON LAW TRADEMARK INFRINGEMENT, COMMON LAW <u>UNFAIR COMPETITION TRADE DRESS INFRINGEMENT</u>**

Plaintiff, Global Commodities, Inc., as and for its Complaint alleges as follows:

**PARTIES**

1. Plaintiff, Global Commodities, Inc., is a New York corporation having a principal place of business at 60 Commerce Place, Hicksville, New York 11802 ("Plaintiff" or "Global"). Plaintiff, Global, has been in the business of advertising, selling and offering for sale rice, dry fruits, tea, spices, and other food products primarily to the Middle Asian community in the United States and the State of Illinois.

2. Upon information and belief, Farabi Distributors Inc., is an Illinois corporation having a place of business at 7080 North McCormick Boulevard, Lincolnwood, Illinois 60712.

3. Upon information and belief, Mohsin A. Khan d.b.a. Farabi Distributors Inc. is an individual and a resident of 7620 Knox Avenue, Skokie, Illinois 60076. Mr. Khan has a place of business at 7080 North McCormick Boulevard, Lincolnwood, Illinois 60712.

1

## JURISDICTION

4. Upon information and belief, this court has personal jurisdiction over Defendants, because Defendants Farabi Distributors Inc. and Mohsin A. Khan (hereinafter Farabi Distributors Inc. and Mohsin A. Khan are collectively "Defendants" or "Farabi") are residents of this district.

5. This action for infringement of a federally registered trademark and false designation of origin arises under the Trademark Act of 1946 (15 U.S.C. § 1051 et. seq.). The court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Venue lies within this district pursuant to 28 U.S.C. § 1391. In addition, a substantial part of the events giving rise to the claims occurred in this district. This Court has jurisdiction over the cause of action for common law trademark infringement, unfair competition and trade dress infringement, under 28 U.S.C. § 1338(b).

## FACTUAL BACKGROUND

6. Plaintiff has been continuously engaged in the sale, offering for sale and advertising of food products in the United States, including the State of Illinois, sold under the Trademark Fawn Image ("Fawn Image 1") since long prior to the acts of Defendants complained of herein. The products sold under the Fawn Image 1 trademark include rice, dried fruits, tea, candy, nuts and a variety of spices. Reproduced below is the Fawn Image 1 trademark:



7. On May 24, 2011, Plaintiff Global was granted United States Trademark Registration No. 3,966,152 for the  Fawn Image 1 by the United States Patent and Trademark Office.

8. This registration is valid subsisting in force and incontestable. A copy of the Fawn Image 1 registration is attached hereto as Exhibit 1.

9. Plaintiff has been continuously selling products under the Fawn Image 1 trademark throughout the United States, including the State of Illinois, since long prior to the acts of Defendants complained of herein.

10. Plaintiff's Fawn Image 1 trademark and the products sold under the Fawn Image 1 trademark have received considerable recognition in the relevant market in the United States, including the State of Illinois.

11. Plaintiff has extensively advertised its products under the Fawn Image 1 trademark in the United States, including the State of Illinois.

12. On May 8, 2007, Plaintiff Global was granted United States Trademark Registration No. 3,239,488 for the trademark AAHU BARAH and Fawn Image ("Fawn Image 2") by the United States Patent and Trademark Office. The words "Aahu Barah" in the mark translate to "Fawn." Reproduced below is a copy of the Fawn Image 2 trademark:



13. This registration is valid subsisting in force and incontestable. A copy of the Fawn Image 2 registration is attached hereto as Exhibit 2.

14. Plaintiff has been continuously engaged in the sale, offering for sale and advertising of food products in the United States, including the State of Illinois, sold under the Fawn Image 2 trademark, since long prior to the acts of Defendants complained of herein.

3

15. Plaintiff has sold rice, dried fruits, tea, candy, nuts and a variety of spices with a distinctive label bearing the Fawn Image 2 trademark, since long prior to the acts of Defendants complained of herein.

16. Plaintiff has been continuously engaged in the offering for sale, selling and advertising of rice, dried fruits, tea, candy, nuts and a variety of spices in the United States, including the State of Illinois, sold under the Fawn Image 2 trademark (hereinafter Fawn Image 1 and Fawn Image 2 are collectively "Fawn Image") since long prior to the acts of Defendants complained of herein.

17. Attached hereto as Exhibit 3 is a copy of a representative example of the Plaintiff's Basmati Sela Rice product showing the Fawn Image trademark.

18. Attached hereto as Exhibit 4 is another representative example of the Plaintiff's Basmati Sela Rice product showing the Fawn Image trademark.

19. Attached hereto as Exhibit 5 is representative example of the Plaintiff's Brown Basmati Sela Rice product showing the Fawn Image trademark.

20. Attached hereto as Exhibit 6 is representative example of the Plaintiff's Ghizal Basmati Sela Rice product showing the Fawn Image trademark.

21. Attached hereto as Exhibit 7 is a representative example of the Plaintiff's Golden Basmati Sela Rice product showing the Fawn Image trademark.

22. Attached hereto as Exhibit 8 is a representative example of the Plaintiff's Green Tea product showing the Fawn Image trademark.

23. Attached hereto as Exhibit 9 is a representative example of the Plaintiff's Badakhshan Tea product showing the Fawn Image trademark.

24. Attached hereto as Exhibit 10 is a representative example of the Plaintiff's Dried Mint Leaves product showing the Fawn Image trademark.

25. Attached hereto as Exhibit 11 is a representative example of the Plaintiff's Amaltas Fruit product showing the Fawn Image trademark.

26. Attached hereto as Exhibit 12 is a representative example of the Plaintiff's Barberry Root product showing the Fawn Image trademark.

27. Attached hereto as Exhibit 13 is a representative example of the Plaintiff's Black Cumin Seed product showing the Fawn Image trademark.

28. Attached hereto as Exhibit 14 is a representative example of the Plaintiff's Afghan Sweet Candy product showing the Fawn Image trademark.

29. Attached hereto as Exhibit 15 is a representative example of the Plaintiff's Saffron Rock Candy product showing the Fawn Image trademark.

30. Attached hereto as Exhibit 16 is a representative example of the Plaintiff's Chickpeas product showing the Fawn Image trademark.

31. Attached hereto as Exhibit 17 is a representative example of the Plaintiff's Turkish Pistachios product showing the Fawn Image trademark.

32. Attached hereto as Exhibit 18 is a representative example of the Plaintiff's Almond Sattar Bai product showing the Fawn Image trademark.

33. Attached hereto as Exhibit 19 is a representative example of the Plaintiff's Pine Nut product showing the Fawn Image trademark.

34. Attached hereto as Exhibit 20 is a representative example of the Plaintiff's California Almonds product showing the Fawn Image trademark.

35. Attached hereto as Exhibit 21 is a representative example of the Plaintiff's Black Mulberry product showing the Fawn Image trademark.

36. Attached hereto as Exhibit 22 is a representative example of the Plaintiff's White Mulberry product showing the Fawn Image trademark.

37. Attached hereto as Exhibit 23 is a representative example of the Plaintiff's Dried Cherries product showing the Fawn Image trademark.

38. Attached hereto as Exhibit 24 is a representative example of the Plaintiff's Dried Figs product showing the Fawn Image trademark.

39. Attached hereto as Exhibit 25 is a representative example of the Plaintiff's Oleaster product showing the Fawn Image trademark.

40. Attached hereto as Exhibit 26 is a representative example of the Plaintiff's Munakka Raisin product showing the Fawn Image trademark.

41. Attached hereto as Exhibit 27 is a representative example of the Plaintiff's Green Raisin product showing the Fawn Image trademark.

42. Attached hereto as Exhibit 28 is a representative example of the Plaintiff's Dry Plum product showing the Fawn Image trademark.

43. Attached hereto as Exhibit 29 is a representative example of the Plaintiff's Black Raisin product showing the Fawn Image trademark.

44. Attached hereto as Exhibit 30 is a representative example of the Plaintiff's Dry Dates product showing the Fawn Image trademark.

45. Attached hereto as Exhibit 31 is a representative example of the Plaintiff's Apricot Roll product showing the Fawn Image trademark.

46. Attached hereto as Exhibit 32 is a representative example of the Plaintiff's Red Raisin product showing the Fawn Image trademark.

47. Attached hereto as Exhibit 33 is a representative example of the Plaintiff's Soft Plum product showing the Fawn Image trademark.

48. A representative video advertisement for Aahu Barah Rice sold under the Fawn Image is found at https://www.youtube.com/watch?v=J5pjnmtGbO4.

49. A representative video advertisement for Anbar Rice sold under the Fawn Image is found at https://www.youtube.com/watch?v=ZzfCl0YVPTA.

50. A representative video advertisement for Aahu Barah Rice sold under the Fawn Image is found at https://www.youtube.com/watch?v=ME8U77riOvc.

51. A representative example of a commercial for Aahu Barah's "Mother Rice" is found at https://www.youtube.com/watch?v=xZD8fezpH3A.

52. These advertisements are directed to the Middle Asia community and others in this district and throughout the United States.

## ILLEGAL ACTS OF DEFENDANTS COMPLAINED OF

53. Without the permission of the Plaintiff, Defendants have used a colorable imitation of Plaintiff's Fawn Image  trademark. Defendants have recently begun to use a colorable imitation of the Fawn Image in the sale of rice.

54. Defendants are selling the same type of products as Plaintiff's rice. Reproduced below is a copy of Defendants' bag with a prominently displayed fawn design.



55. The Defendants' use of a colorable imitation of the Fawn Image in commerce in the United States of America, including the State of Illinois, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

56. The Defendants' use of a colorable imitation of the Fawn Image for its products in commerce in the United States of America, including the State of Illinois, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

57. Upon information and belief Defendants had full knowledge of Plaintiff's Fawn Image trademarks at the time they selected their Fawn trademark. In addition, Plaintiff has written to Defendants objecting to their infringement of the Fawn Image trademarks but Defendants have continued to infringe the trademarks.

58. Without the permission of Plaintiff, Defendants have used a colorable imitation of Plaintiff's label bearing the Fawn Image trademarks in the sale of rice.

59. On information and belief, the Defendants willfully misappropriated Plaintiff's trademarks and continues to infringe with full knowledge of Plaintiff's trademarks.

60. The Defendants' conduct is a fraudulent business practice and permits the Defendants to undertake misleading advertising and representation, thereby unfairly competing with the Plaintiff.

61. The Defendants' aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

62. Plaintiff repeats and realleges paragraphs 1-61 hereof, as though fully recited herein.

63. Defendants' use of a colorable imitation of the Plaintiff's Fawn Image is an infringement of Plaintiff's registered trademarks. By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement.

## SECOND CLAIM FOR RELIEF
### (False Designation Of Origin)

64. Plaintiff repeats and realleges paragraphs 1-63 hereof, as though fully recited herein.

65. The Defendants have threatened to and will continue their conduct of trademark infringement, false designation of origin, trade dress infringement and unfair competition as hereinabove alleged unless restrained from doing so by this Court.

66. Plaintiff alleges that Defendants' conduct has caused and will continue to cause such false designations to enter commerce, all to the Plaintiff's damage and irreparable injury, unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

67. Defendants' conduct constitutes unfair competition under 15 U.S.C. § 1125(a) of the Lanham Act.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

68. As a complete and further ground for relief against Defendants, Plaintiff hereby charges Defendants with common law trademark infringement and Plaintiff hereby repeats and realleges paragraphs 1-67 hereof, as though fully recited herein.

69. Defendants' unauthorized use of a colorable imitation of the common law Fawn Image trademarks in commerce in the United States of America, including the State of Illinois, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

70. On information and belief, the Defendants willfully misappropriated Plaintiff's Fawn Image trademarks.

71. Defendants' unlawful use of the Plaintiff's trademarks constitutes common law trademark infringement under the Illinois Common Law.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition)

72. As a complete and further ground for relief against Defendants, Plaintiff hereby charges Defendants with common law unfair competition and Plaintiff hereby repeats and realleges paragraphs 1-71 hereof, as though fully recited herein.

73. Defendants' unauthorized use of a colorable imitation of the Fawn Image trademarks in commerce in the United States of America, including the State of Illinois, is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

74. Defendants used a colorable imitation of the Fawn Image trademarks without the authorization or permission of Plaintiff for the willful and calculated purpose of trading upon Plaintiff's good will and reputation.

75. The Defendants' conduct is a fraudulent business practice and permits the Defendants to undertake misleading advertising and representation, thereby unfairly competing with Plaintiff.

76. The Defendants' aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

77. The Defendants have threatened to and will continue its conduct of common law trademark infringement and unfair competition as hereinabove alleged unless restrained from doing so by this Court.

### FIFTH CLAIM FOR RELIEF
### (Trade Dress Infringement)

78. As a complete and further ground for relief against Defendants, Plaintiff hereby charges Defendants with common law trade dress infringement and Plaintiff hereby repeats and realleges paragraphs 1-77 hereof, as though fully recited herein.

79. Defendants' unauthorized use of a colorable imitation of Plaintiff's trade dress is likely to cause and has caused confusion, mistake and deception of purchasers as to the source or origin of said products in that persons are likely to believe and have believed that Defendants are legitimately connected with, licensed by or in some way sponsored, endorsed or approved by Plaintiff.

80. Defendants' use of Plaintiff's trade dress without the authorization or permission of Plaintiff for the willful and calculated purpose of trading upon Plaintiff's good will and reputation.

81. The Defendants' conduct is a fraudulent business practice and permits the Defendants to undertake misleading advertising and representation, thereby unfairly competing with Plaintiff.

82. The Defendants' aforesaid conduct is causing immediate and irreparable injury and damage to the Plaintiff and will continue to cause irreparable injury and damage to the Plaintiff unless restrained by this Court; wherefore, the Plaintiff is without an adequate remedy at law.

83. The Defendants have threatened to and will continue its conduct of common law trademark infringement and unfair competition as hereinabove alleged unless restrained from doing so by this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court will enter judgment in their favor and against Defendants:

A. Awarding preliminary and permanent injunctive relief enjoining the Defendants, their officers, agents, servants, employees, and such other persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, and each of them, from infringing Plaintiff's trademarks from falsely designating the origin of Defendants' products and services, from unfairly competing with Plaintiff, and specifically from:

(a) using the trademarked Fawn Images or any colorable imitations thereof;

(b) using the trademarked Fawn Images, or any colorable imitations thereof, including on or in connection with any food products, including rice;

(c) using Plaintiff's trade dress;

(d) making in any manner whatsoever any statement or representation that is likely to lead the public to believe that either of the Defendants or their businesses are associated or connected with, approved or sponsored or licensed by or authorized or franchised by Plaintiff; and

(e) any other acts which constitute unfair competition with Plaintiff.

B. Requiring Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements and all other material in their possession that use the Fawn Images or a colorable imitation thereof; as well as require Defendants to deliver up for destruction all plates, molds, matrices, and other means for making the same.

C. Require the Defendants within thirty (30) days after the service of the injunction on it to file with the Court a report in writing under oath setting forth in detail the manner and form in which said Defendants have complied with the injunction.

D. Granting to Plaintiff an accounting of Defendants' profits caused by such conduct.

E. Granting to Plaintiff damages under 15 U.S.C. § 1117, for Defendants' conduct.

F. Granting to Plaintiff such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: July 26, 2021

Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller (*Local Counsel*)
HALLER LAW PLLC
230 E Delaware Pl, Ste 5E
Chicago, IL 60611
Phone: (630) 336-4283
haller@haller-iplaw.com

Thomas A. O'Rourke (*Pro Hac Vice Pending*)
BODNER & O'ROURKE, LLP
425 Broadhollow Rd, Ste 120
Melville, NY 11747
Phone: (631) 249-7500
Fax: (631) 249-4508
torourke@bodnerorourke.com

*Attorneys for Plaintiff,*
*Global Commodities, Inc.*